UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MOHAMED A. ABDELWAHAB,

                              Petitioner,                     Case # 21-CV-6072-FPG

v.

                                                          ORDER

JEFFREY SEARLS,

                              Respondent.
_____

On June 22, 2021, this Court granted *pro se* Petitioner Mohamed A. Abdelwahab's petition for a writ of habeas corpus under 28 U.S.C. § 2241, concluding that Petitioner's continued detention under 8 U.S.C. § 1226 violated his procedural due process rights and ordering Respondent Jeffrey Searls to "bring Petitioner before an immigration judge for a bond hearing within fourteen (14) days of this Decision and Order." ECF No. 9 at 8. On June 30, 2021, the Court stayed its order in light of the fact that the government had initiated the process to effectuate Petitioner's removal. *See* ECF No. 18. On July 8, 2021, however, the Second Circuit granted Petitioner a temporary stay of removal in connection with his petition for review. *See Abdelwahab v. Garland*, No. 21-6136, ECF No. 33.

Respondent concedes that, as a result of the stay of removal, Petitioner is being held under 8 U.S.C. § 1226, not § 1231. ECF No. 22 at 2; *see also Hechavarria v. Sessions*, 891 F.3d 49, 56 (2d Cir. 2018) (holding that Section 1226 governs detention of aliens whose removal has been stayed on appeal). In light of that concession, the logic set forth in the Court's prior decision compels the conclusion that Petitioner's detention for over twelve months without a constitutionally adequate bond hearing violates his procedural due process rights. ECF No. 9 at

6-8. Accordingly, as the Court previously determined, Petitioner is entitled to a bond hearing with sufficient procedural safeguards. *Id.* at 8-9.

Given the delays that have already occurred in this case, the Court orders that said bond hearing occur **no later than July 29, 2021**. If the bond hearing is not held by that date, Respondent shall release Petitioner immediately with appropriate conditions of supervision. Within three (3) days of the date of the bond hearing, Respondent shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.

With the issue of Petitioner's removal and entitlement to a bond hearing now settled, the Court will address the three pending motions.

First, despite conceding that Petitioner is now being held under Section 1226, Respondent maintains that this Court should reconsider the issue it addressed in its prior decision: whether an alien whose removal is deferred by virtue of the government's forbearance agreement—rather than a court-ordered stay—is detained under Section 1226 or Section 1231. The Court took the former position in the prior order, and Respondent advocates for the latter. Given Respondent's concession, the Court need not address what is now indisputably a hypothetical and immaterial issue to this litigation. Accordingly, Respondent's motion for reconsideration is **DENIED**.

Second, Petitioner has filed what he labels a "Request for Release." ECF No. 13 at 1. The motion is premised on Petitioner's medical conditions. As the Court stated in its prior order, these allegations are outside the scope of his current petition and will not be addressed. ECF No. 9 at 8. To the extent Petitioner seeks relief from detention based on his medical conditions, he is free to file a new action. His present request is **DENIED**.

Third, an attorney has moved to be assigned as counsel for Petitioner under the Criminal Justice Act. ECF No. 20. Because Petitioner has already obtained relief, the Court declines to appoint counsel. *See Thomas v. Searls*, No. 20-CV-6362, 2021 WL 358129, at *4-5 (W.D.N.Y. Jan. 25, 2021) (noting that a court must consider whether appointment of counsel "will benefit the petitioner"). To the extent any further proceedings occur in this case that require counsel's assistance, Petitioner may renew his motion at that time. For now, the motion is **DENIED**.

IT IS SO ORDERED.

Dated: July 21, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
District Judge
United States District Court